IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

DEBORAH IVY and DEBORAH IVY, LLC,

Plaintiffs,

vs.

STONINGTON INSURANCE COMPANY;
STONINGTON INSURANCE COMPANY, INC.;
MATTEI INSURANCE SERVICES,
INC.;ECONOMICAL INSURANCE GROUP;
NORTH STAR UNDERWRITING MANAGERS,
INC.; R.F. MATTEI & ASSOCIATES, INC.; R.F.
MATTEI & ASSOCIATES (ALASKA) INC.; THE
MATTEI COMPANIES, LLC; THE MATTEI
COMPANIES; ACCORDIA; ACCORDIA OF
ALASKA, INC.; WELLS FARGO INSURANCE
SERVICES OF ALASKA, INC.; WELLS FARGO
INSURANCE, INC.; WELLS FARGO
INSURANCE SERVICES USA, INC.;
GLENCOE-GROUP; GLENCOE INSURANCE,
LTD.; LANTANA INSURANCE LTD.;
STONINGTON LLOYDS INSURANCE
COMPANY; GLENCOE GROUP CLAIMS
MANAGEMENT INC.; RENRE NORTH
AMERICA, INC.; CLAIMS MANAGEMENT,
INC. ; RENAISSANCERE HOLDINGS LTD.;
DAVINCE RE; RENRE ENERGY
ADVISORS;RENRE INSURANCE;
RENAISSANCERE SYNDICATE 1458; TOP
LAYER RE; WEATERPREDICT CONSULTING;
RENRE INSURANCE UNDERWRITERS INC.;
JOHN DOES I through X.

Defendants.

Case No. 3AN-10-8720 CI

**COMPLAINT**



Exhibit B
Page 1 of 17

# COMPLAINT

COME NOW, Deborah Ivy and Deborah Ivy, LLC, plaintiffs herein, by and through counsel, Phillip Paul Weidner & Associates, a Professional Corporation, and hereby allege and complains as follows.

## PARTIES

1. Plaintiff DEBORAH IVY is, and at all times pertinent hereto was, a resident and citizen of the State of Alaska.

2. Plaintiff DEBORAH IVY, LLC, is a Limited Liability Company organized in the State of Alaska, and at all times relevant hereto was, a company licensed to do business in the State of Alaska and doing business in Alaska.

3. Defendant STONINGTON INSURANCE COMPANY and STONINGTON INSURANCE COMPANY, INC., (hereafter Stonington) is a Texas Corporation. STONINGTON sold Policy No. AKSP0007237 to the Kyzer Group Partnership, which, pursuant to its terms, includes insurance coverage applicable to incident(s) alleged in the matter styled David Kyzer v. Deborah Ivy, et al., Case No. 3AN-05-9242 CI.

4. MATTEI INSURANCE SERVICES, INC. is an insurance brokerage business, a wholly owned subsidiary of ECONOMICAL INSURANCE GROUP, and at all times relevant hereto, was an insurance company licensed and registered to do business in the State of Alaska, and doing business in Alaska. MATTEI INSURANCE SERVICES, INC. is a third-party administrator for Stonington. MATTEI INSURANCE SERVICES, INC. is associated and/or related to THE MATTEI COMPANIES.


Exhibit B
Page 2 of 17

5. ECONOMICAL INSURANCE GROUP became the sole owner of MATTEI INSURANCE SERVICES in 2006. ECONOMICAL INSURANCE GROUP is based in Ontario, Canada.

6. NORTH STAR UNDERWRITING MANAGERS, INC. is a member of the MATTEI COMPANIES. In 2006, NORTH STAR UNDERWRITING MANAGERS, INC. changed its name to R.F. MATTEI & ASSOCIATES (ALASKA) INC. At all times relevant hereto, NORTH STAR UNDERWRITING MANAGERS INC., was licensed and registered to do business in the State of Alaska, and doing business in Alaska.

7. R.F. MATTEI & ASSOCIATES, INC. is a member of the MATTEI COMPANIES.

8. R.F. MATTEI & ASSOCIATES (ALASKA) INC. is associated and/or related to NORTH STAR UNDERWRITING MANAGERS, INC., a member of THE MATTEI COMPANIES, and is a company licensed and registered to do business in the State of Alaska, and doing business in Alaska.

9. THE MATTEI COMPANIES, LLC is a member of the MATTEI COMPANIES.

10. THE MATTEI COMPANIES is a business entity associated and/or related to MATTEI INSURANCE SERVICES, INC., NORTH STAR UNDERWRITING MANAGERS, INC., R.F. MATTEI & ASSOCIATES, INC., THE MATTEI COMPANIES, LLC. THE MATTEI COMPANIES is owned by ECONOMICAL INSURANCE GROUP. At all relevant times hereto, THE MATTEI COMPANIES was doing business in the State of Alaska in such a manner as to subject it to the general and/or specific jurisdiction of the Courts of the State of Alaska. THE MATTEI COMPANIES is a managing general underwriter, providing commercial insurances services in the United States.



Exhibit B
Page 3 of 17

11. ACCORDIA is a business entity associated and/or related to and/or owned by WELLS FARGO INSURANCE SERVICES OF ALASKA, INC. At all relevant times hereto, ACCORDIA was doing business in the State of Alaska in such a manner as to subject it to the general and/or specific jurisdiction of the Courts of the State of Alaska.

12. ACCORDIA OF ALASKA, INC. is a business entity associated and/or related to and/or owned by WELLS FARGO INSURANCE SERVICES OF ALASKA, INC. At all relevant times hereto, ACCORDIA OF ALASKA, INC. was doing business in the State of Alaska in such a manner as to subject it to the general and/or specific jurisdiction of the Courts of the State of Alaska.

13. WELLS FARGO INSURANCE SERVICES OF ALASKA, INC. is a corporation or other legal business entity which is, and at all times pertinent hereto was, was an Alaskan corporation in good standing and/or was and is doing business in the State of Alaska in such a manner as to subject it to the general and/or specific jurisdiction of the Courts of the State of Alaska.

14. WELLS FARGO INSURANCE, INC. is a corporation or other legal business entity which is, and at all times pertinent hereto was, was an Alaskan corporation in good standing and/or was and is doing business in the State of Alaska in such a manner as to subject it to the general and/or specific jurisdiction of the Courts of the State of Alaska.

15. WELLS FARGO INSURANCE SERVICES USA, INC. is a corporation or other legal business entity which is, and at all times pertinent hereto was, was an Alaskan corporation in good standing and/or was and is doing business in the State of Alaska in such a manner as to subject it to the general and/or specific jurisdiction of the Courts of the State of Alaska.

16. GLENCOE-GROUP is a business entity associated and/or related to GLENCOE INSURANCE, LTD., STONINGTON INSURANCE COMPANY, LANTANA INSURANCE LTD., AND STONINGTON LLOYDS INSURANCE COMPANY.

17. GLENCOE INSURANCE, LTD. is a business entity associated and/or related to GLENCO INSURANCE, LTD. STONINGTON INSURANCE COMPANY. By virtue of its association, GLENCOE INSURANCE, LTD. is subject to the general and/or specific jurisdiction of the Courts of the State of Alaska.

18. LANTANA INSURANCE LTD., is a business entity associated and/or related to GLENCO INSURANCE, LTD. STONINGTON INSURANCE COMPANY. By virtue of its association, LANTANA INSURANCE LTD. is subject to the general and/or specific jurisdiction of the Courts of the State of Alaska.

19. STONINGTON LLOYDS INSURANCE COMPANY is a business entity associated and/or related to GLENCO INSURANCE, LTD. STONINGTON INSURANCE COMPANY. By virtue of its association, STONINGTON LLOYDS INSURANCE COMPANY is subject to the general and/or specific jurisdiction of the Courts of the State of Alaska.

20. GLENCOE GROUP SERVICES and GLENCOE GROUP SERVICES, INC. are business entities associated and/or related to RENAISSANCE RE. At all relevant times hereto, GLENCOE GROUP SERVICES and GLENCOE GROUP SERVICES, INC. were doing business in the State of Alaska in such a manner as to subject them to the general and/or specific jurisdiction of the Courts of the State of Alaska.

21. GLENCOE GROUP OF COMPANIES is a business entity associated and/or related to GLENCOE INSURANCE, LTD., STONINGTON INSURANCE COMPANY, LANTANA INSURANCE LTD., and STONINGTON LLOYDS INSURANCE COMPANY.

22. GLENCOE CLAIMS MANAGEMENT, INC. is a business entity associated and/or related to STONINGTON INSURANCE, INC. COMPANY. At all relevant times hereto, GLENCOE CLAIMS MANAGEMENT, INC. was doing business in the State of Alaska in such a manner as to subject it to the general and/or specific jurisdiction of the Courts of the State of Alaska.

23. GLENCOE GROUP CLAIMS MANAGEMENT INC. is a Delaware Corporation, and is a corporation or other legal business entity which is, and at all times pertinent hereto, was doing business in the State of Alaska and is associated and/or related to STONINGTON INSURANCE, INC. COMPANY. At all relevant times hereto, GLENCOE GROUP CLAIMS MANAGEMENT INC. was doing business in the State of Alaska in such a manner as to subject it to the general and/or specific jurisdiction of the Courts of the State of Alaska. In August, 2009, GLENCOE GROUP CLAIMS MANAGEMENT, INC. merged with and into RENRE NORTH AMERICA, INC., a corporation organized under the laws of the State of Delaware, and doing business in the State of Alaska.

24. RENRE NORTH AMERICA, INC. is a corporation or other legal business entity which is, and at all times pertinent hereto was, was an Alaskan corporation in good standing and/or was and is doing business in the State of Alaska and is associated and/or related to GLENCOE GROUP CLAIMS MANAGEMENT, INC.

25. CLAIMS MANAGEMENT, INC. is a corporation or other legal business entity which is, and at all times pertinent hereto was, was an Alaskan corporation in good standing and/or was and is doing business in the State of Alaska and is associated and/or related to STONINGTON INSURANCE, INC. COMPANY. At all relevant times hereto, CLAIMS MANAGEMENT INC. was doing business in the State of Alaska in such a manner as to subject

it to the general and/or specific jurisdiction of the Courts of the State of Alaska. CLAIMS MANAGEMENT SERVICES, an indirect wholly owned subsidiary of RENAISSANCERE HOLDINGS, was acquired by GLENCOE GROUP CLAIMS MANAGEMENT in 2008.

26. RENAISSANCERE HOLDINGS LTD. is the parent company of GLENCOE GROUP OF COMPANIES and STONINGTON INSURANCE. RenaissanceRe Holdings Ltd. was founded in Bermuda and is associated with DAVINCI RE, RENRE ENGERGY ADVISORS, RENRE INSURANCE, RENRE INSURANCE UNDERWRITERS, INC., RENAISSANCERE SYNDICATE 1458, TOP LAYER RE, WEATHERPREDICT CONSULTING.

27. DAVINCE RE is a company associated with, and/or owned by RENAISSANCERE HOLDINGS LTD. By virtue of its association with RENAISSANCERE HOLDINGS LTD., Davince Re is subject to the general and/or specific jurisdiction of the Courts of the State of Alaska.

28. RENRE ENERGY ADVISORS is a company associated with, and/or owned by RENAISSANCERE HOLDINGS LTD. By virtue of its association with RENAISSANCERE HOLDINGS LTD., RENRE ENERGY ADVISORS is subject to the general and/or specific jurisdiction of the Courts of the State of Alaska.

29. RENRE INSURANCE is a company associated with, and/or owned by RENAISSANCERE HOLDINGS LTD. By virtue of its association with RENAISSANCERE HOLDINGS LTD., RENRE INSURANCE is subject to the general and/or specific jurisdiction of the Courts of the State of Alaska.

30. RENAISSANCERE SYNDICATE 1458 is a company associated with, and/or owned by RENAISSANCERE HOLDINGS LTD. By virtue of its association with

Exhibit B
Page 7 of 17

RENAISSANCERE HOLDINGS LTD., RENAISSANCERE SYNDICATE 1458 is subject to the general and/or specific jurisdiction of the Courts of the State of Alaska.

31. TOP LAYER RE is a company associated with, and/or owned by RENAISSANCERE HOLDINGS LTD. By virtue of its association with RENAISSANCERE HOLDINGS LTD., TOP LAYER RE is subject to the general and/or specific jurisdiction of the Courts of the State of Alaska.

32. WEATERPREDICT CONSULTING is a company associated with, and/or owned by RENAISSANCERE HOLDINGS LTD. By virtue of its association with RENAISSANCERE HOLDINGS LTD., WEATERPREDICT CONSULTING is subject to the general and/or specific jurisdiction of the Courts of the State of Alaska.

33. RENRE INSURANCE UNDERWRITERS INC. is a corporation associated with RENASSANCERE HOLDINGS LTD., the parent company of GLENCOE GROUP OF COMPANIES and STONINGTON INSURANCE. At all relevant times hereto, RENRE INSURANCE UNDERWRITERS INC. was doing business in the State of Alaska in such a manner as to subject it to the general and/or specific jurisdiction of the Courts of the State of Alaska.

34. Certain defendants and/or JOHN DOES I through X are investors and/or officers and/or employees and/or supervisors of defendants, and have authority to supervise the affairs of same, and on certain occasions did actually supervise the affairs of same, and further, did have the duty to supervise the affairs of same.

35. Certain defendants and/or JOHN DOES I through X are parent companies and/or subsidiaries of defendants and/or JOHN DOES I through X.

36. Certain defendants and/or JOHN DOES I through X are predecessors and/or successors in interest of defendants and/or JOHN DOES I through X.

37. ACCORDIA, ACCORDIA OF ALASKA, WELLS FARGO INSURANCE SERVICES OF ALASKA, INC., WELLS FARGO INSURANCE, INC., WELLS FARGO INSURANCE SERVICES USA, INC., are corporations and/or business entities which, by virtue of their relationship to each other in this matter, including being predecessors and/or successors in interest, and/or affiliated with same, are jointly and severally liable for one another's culpable conduct as to the insurance policy the subject of this suit, and are fully liable for the actions of same and the damages of the plaintiff, and subject to compensatory and punitive damages due to the culpable conduct set out herein, and their relationship to same. Defendants had and have a continuing duty to provide coverage to the plaintiff as to the incidents complained of in this Complaint, and, upon information and belief, they have failed and refused to do so. As a result, Defendants and their culpable agents are liable for the actions of themselves and their wholly-owned subsidiary(ies) and/or alter ego(s), and the agents of same.

38. Defendants GLEN-COE GROUP, GLENCOE GROUP SERVICES, GLENCOE GROUP OF COMPANIES, GLENCOE CLAIMS MANAGEMENT, INC., GLENCOE GROUP CLAIMS MANAGEMENT, INC., RENRE NORTH AMERICA, INC., STONINGTON INSURANCE COMPANY, STONINGTON INSURANCE COMPANY, INC. GLENCOE INSURANCE, LTD., LANTANA INSURANCE LTD., AND STONINGTON LLOYDS INSURANCE COMPANY, are corporations and/or business entities which, by virtue of their relationship to each other in this matter, including being predecessors and/or successors in interest, and/or affiliated with same, are jointly and severally liable for one another's culpable conduct as to the insurance policy the subject of this suit, and are fully liable for the actions of

same and the damages of the plaintiff, and subject to compensatory and punitive damages due to the culpable conduct set out herein, and their relationship to same. Defendants had and have a continuing duty to provide coverage to the plaintiff as to the incidents complained of in this Complaint, and, upon information and belief, they have failed and refused to do so. As a result, Defendants and their culpable agents are liable for the actions of themselves and their wholly-owned subsidiary(ies) and/or alter ego(s), and the agents of same.

39. Defendants MATTEI INSURANCE SERVICES, INC., ECONOMICAL INSURANCE GROUP, NORTH STAR UNDERWRITING MANAGERS, INC. R.F. MATTEI & ASSOCIATES, INC., R.F. MATTEI & ASSOCIATES (ALASKA) INC., THE MATTEI COMPANIES, LLC, THE MATTEI COMPANIES are corporations and/or business entities which, by virtue of their relationship to each other in this matter, including being predecessors and/or successors in interest, and/or affiliated with same, are jointly and severally liable for one another's culpable conduct as to the insurance policy the subject of this suit, and are fully liable for the actions of same and the damages of the plaintiff, and subject to compensatory and punitive damages due to the culpable conduct set out herein, and their relationship to same. Defendants had and have a continuing duty to provide coverage to the plaintiff as to the incidents complained of in this Complaint, and, upon information and belief, they have failed and refused to do so. As a result, Defendants and their culpable agents are liable for the actions of themselves and their wholly-owned subsidiary(ies) and/or alter ego(s), and the agents of same.

40. Certain of the defendants, ACCORDIA, and/or ACCORDIA OF ALASKA, and/or WELLS FARGO INSURANCE SERVICES OF ALASKA, INC., and/or WELLS FARGO INSURANCE, INC., and/or WELLS FARGO INSURANCE SERVICES USA, INC., and/or GLEN-COE GROUP, and/or GLENCOE GROUP SERVICES, and/or GLENCOE

GROUP OF COMPANIES, and/or GLENCOE CLAIMS MANAGEMENT, INC., and/or GLENCOE GROUP CLAIMS MANAGEMENT, INC., and/or RENRE NORTH AMERICA, INC., and/or STONINGTON INSURANCE COMPANY, and/or STONINGTON INSURANCE COMPANY, INC., and/or MATTEI INSURANCE SERVICES, INC., and/or ECONOMICAL INSURANCE GROUP, and/or NORTH STAR UNDERWRITING MANAGERS, INC., and/or R.F. MATTEI & ASSOCIATES, INC., and/or R.F. MATTEI & ASSOCIATES (ALASKA) INC., and/or THE MATTEI COMPANIES, LLC, and/or THE MATTEI COMPANIES, and/or DAVINCI RE, and/or RENRE ENGERGY ADVISORS and/or RENRE INSURANCE and/or RENRE INSURANCE UNDERWRITERS, INC., and/or RENAISSANCERE SYNDICATE 1458, and/or TOP LAYER RE, and/or WEATHERPREDICT CONSULTING, and/or GLENCOE INSURANCE, LTD., and/or STONINGTON INSURANCE COMPANY, and/or LANTANA INSURANCE LTD., and/or STONINGTON LLOYDS INSURANCE COMPANY and/or JOHN DOES I through X, are corporations and/or business entities which, by virtue of their relationship to each other in this matter, including being predecessors and/or successors in interest, and/or affiliated with same, are jointly and severally liable for one another's culpable conduct as to the insurance policy the subject of this suit, and are fully liable for the actions of same and the damages of the plaintiff, and subject to compensatory and punitive damages due to the culpable conduct set out herein, and their relationship to same. Defendants had and have a continuing duty to provide coverage to the plaintiff as to the incidents complained of in this Complaint, and, upon information and belief, they have failed and refused to do so. As a result, Defendants and their culpable agents are liable for the actions of themselves and their wholly-owned subsidiary(ies) and/or alter ego(s), and the agents of same.

41. It is the intent of this complaint to give notice to the responsible parties. Defendants herein are expected to notify investors, stockholders, directors, officers, employees, patent holders, license holders, manufacturers, distributors, wholesalers, retailers, suppliers, and advertisers, of said companies, and/or any John Doe mentioned in the complaint of which Defendants have knowledge, concerning the complaint and allegations herein, including said notice to any other culpable defendants and/or defendants referred to herein. The true names of John Does I through X are at present unknown, but will be amended with due diligence when discovered.

## JURISDICTION AND VENUE

42. This action arises from certain contracts and policies related to insurance obligations arising as the result litigation initiated by David Kyzer on behalf of the Kyzer Group Partnership on or about June 28, 2005 in the matter styled <u>David Kyzer v. Deborah Ivy, et al.</u>, Case No. 3AN-05-9242 CI, pending before the Superior Court of Alaska, Third Judicial District at Anchorage, Alaska. On August 14, 2006, an Amended Complaint was filed, to add defendants Karen Kyzer Gray and Peryll Kyzer. On July 1, 2008, the parties reached a Settlement.

43. The Superior Court for the State of Alaska has jurisdiction in this matter because the claim arose in the State of Alaska, Third Judicial District, and further, the amount in controversy is in excess of $100,000.

## FACTUAL ALLEGATIONS

44. On June 17, 2005, certain of the defendants issued Commercial Package and Umbrella Liability renewal policies to the Kyzer Group-A Partnership. See, Exhibit A. The Policy provides $1,000,000 per occurrence for property damage, with an aggregate limit of

$2,000,000 for coverage. Said policy provided coverage for "property damage," which was defined in the policy as follows:

> 17. Property damage" means:
> a. Physical injury to tangible property, including all resulting loss of use of that property.... or
> b. Loss of use of tangible property that is not physically injured.

45. On or about June 28, 2005, David Kyzer, on behalf of the Kyzer Group Partnership, filed suit against Deborah Ivy and/or Deborah Ivy, LLC, in the matter styled <u>David Kyzer v. Deborah Ivy, et al.</u>, Case No. 3AN-05-9242 CI. (See, Exhibit B). On August 14, 2006, an Amended Complaint was filed, to add defendants Karen Kyzer Gray and Peryll Kyzer. (See, Exhibit C).

46. On or about October 7, 2005, plaintiff Deborah Ivy sent correspondence to ACORDIA, tendering defense to the insurer as to Policy No. AKSP 0007237-01. (See, Exhibit D). By correspondence dated October 12, 2005, MATTEI determined the claim was not covered by the policy. (See, Exhibit E).

47. Plaintiff sent a subsequent tender of defense on or about February 7, 2008. (See, Exhibit F). On February 25, 2008, CLAIMS MANAGEMENT sent correspondence to plaintiff, denying coverage. (See, Exhibit G). Plaintiff sent a fourth tender of defense on or about May 22, 2008. (See, Exhibit H). In correspondence dated August 15, 2008, GLENCOE and STONINGTON sent correspondence through their attorneys, denying coverage. (See, Exhibit I).

48. David Kyzer's initial Complaint alleged misconduct by Deborah Ivy as to the Kyzer Group Partnership. The Kyzer Group Partnership was a general partnership formed in Alaska, and was comprised of four partners, Deborah Ivy (who later transferred her interest to Deborah Ivy, LLC), David D. Kyzer, Karen Kyzer Gray, and Peryll Kyzer. On or about July 27,

2006, David Kyzer filed an Amended Complaint. In particular, David Kyzer alleged in his Amended Complaint, that Deborah Ivy and/or Deborah Ivy, LLC violated the Kyzer Group Partnership Agreement, by mismanagement of the partnership including its buildings and failing to discharge her duties under the Partnership Agreement. David Kyzer alleged, "Deborah or Deborah, LLC has failed to manage the partnership according to sound business practices including but not limited to repairs to partnership property, conducting environmental assessments for partnership property, obtaining appraisals of partnership property to establish fair value of the property, holding partnership meetings." In addition to other requests, David Kyzer requested attorney's fees and costs be paid by the partnership, that "Deborah or Deborah, LLC be liable for her breach of the obligations of good faith and fair dealing," that he be awarded "his costs, interest and attorney's fees and such other and further relief as determined by the court," and that he be awarded damages "as a result of the actions of Deborah or Deborah, LLC as the managing partner," and that the "court declare ... whether Deborah Kyzer Ivy or Deborah Ivy, LLC is liable for the acts as complained by David in this First Amended Complaint..." (See, Amended Complaint, attached hereto).

49. On July 1, 2008, the parties signed a Settlement Memorandum.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT

50. Plaintiff realleges, repleads, recomplains and restates ¶¶ 1-49 as though fully set forth herein and incorporates same herein by reference.

51. Pursuant to their Policy, Defendants were obligated to provide coverage as to "occurrence(s)" of "property damage." However, Defendants refused and failed to abide by their
COMPLAINT
Case 3:11-cv-00097-JWS Document 1-2 Filed 05/04/11 Page 14 of 17

Exhibit B Page 14 of 17

LAW OFFICES OF PHILLIP PAUL WEIDNER AND ASSOCIATES, APC
330 L STREET, SUITE 200 • ANCHORAGE, ALASKA 99501
TEL. 907/276-1200 • FAX 907/278-6571

contractual obligations to provide a defense, indemnification or coverage under the terms or conditions of the Policy.

52. Plaintiffs are entitled to a ruling that the Policy provided coverage as to allegations by David Kyzer against Plaintiffs.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

53. Plaintiff realleges, repleads, recomplains and restates ¶¶ 1-52 as though fully set forth herein and incorporates same herein by reference.

54. Despite the provision in their Policy of coverage as to property damage Defendant(s) have not provided a defense, indemnification or coverage, breaching said contracts.

55. As a result of said breach, Plaintiffs have suffered damages in an amount equal to the amount of $1,000,000 per occurrence for property damage, with an aggregate limit of $2,000,000 for coverage.

## THIRD CAUSE OF ACTION
## BAD FAITH CULPABLE CONDUCT

56. Defendants, in bad faith, have refused to acknowledge that defense, insurance coverage, and indemnification was due under the applicable Policy.

57. Defendants are in bad faith in refusing to offer defense, indemnification or coverage for Plaintiffs, to protect them.

58. Defendants have violated the obligation of good faith and fair dealing owed to all insureds herein. Plaintiffs tendered to Defendant(s) in good faith. Instead of providing coverage and indemnification, the Defendant(s) refused to defend, or to provide coverage and indemnification to Plaintiffs.

59. The actions of Defendants are in reckless disregard of the interests of others and justifies imposition of punitive damages.

60. Further, the culpable conduct of the Defendants as pled herein, and as to be more fully proven at trial, including their failure and/or refusal to provide coverage to Plaintiffs, all of which was done willfully, wantonly, and with reckless disregard for the interests of another person, so as to call for the appropriate imposition of punitive damages in an amount to punish, chill and deter such conduct in the future, with due regard for the nature of the culpable conduct of said defendants, the profits derived from same, and the net worth and assets of said defendants. Said punitive damages are due in an appropriate fashion against the individual defendants given the nature of the relationship to said culpable conduct, and their financial status and net worth and profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a. A judgment declaring that Plaintiffs' Policy with Defendants provided for defense, indemnification and coverage as to allegations by David Kyzer in the matter styled <u>David Kyzer v. Deborah Ivy, et al.</u>, Case No. 3AN-05-9242 CI, which triggered defense, coverage, and indemnification, in the amount of $1,000,000 per occurrence for property damage, with an aggregate limit of $2,000,000 for coverage.

b. A determination that Defendants are in bad faith.

c. A compensatory judgment in favor of Plaintiffs in excess of $100,000.

d. An award of punitive damages in excess of $100,000.

e. Appropriate prejudgment and post-judgment interest in the maximum amount allowable by law;

COMPLAINT
Case 3:11-cv-00097-JWS   Document 1-2   Filed 05/04/11   Page 16 of 17

f. For costs and attorney's fees and costs as to each award in the maximum amount allowed by law; and

g. Such other relief as the court deems just and equitable.

RESPECTFULLY SUBMITTED this 30 day of June, 2010.

WEIDNER & ASSOCIATES, APC
Attorneys for Plaintiffs

By: _____
Lisa Rosano
ABA 0511110